Mr. Justice Clayton
delivered the opinion of the court.
This was a supersedeas to an execution, issued, upon the ground, that the petitioner (Walker) was only surety in the note upon which the judgment was rendered, and that no affidavit had been made and filed by any person, that the principal had no property in the state, out of which the money could be made, as required by the act of 1837. The circuit court discharged the supersedeas upon motion, and the case thence comes to this court.
There are two statutes to be considered in the determination of this cause. The statute of 1822 exempts the property of any surety from execution, if the principal have property in the county, provided the surety make oath that he is only surety. This statute, from its import, relates exclusively to joint makers. Hutch. Code, 588.
The statute of 1837 provides for joint actions against drawers and indorsers of bills of exchange, or promissory notes, and directs that in issuing executions, the clerk shall indorse thereon the names of the drawers and indorsers, particularly specifying the first, second, and third indorsers. It farther provides, that execution shall not be levied on the property of any surety or indorser, unless affidavit be filed, that the principal has no property in the state, out of which the money can be made. Ib. 853.
The latter statute extends to cases not embraced by the former. There is no express repeal of it, nor is there any repeal by necessary implication. They may both well stand. If the act of 1837 have any bearing upon cases falling directly within the previous statute, it makes an affidavit necessary on the part of the plaintiff, that the principal has no property, only when the surety has first made affidavit of the fact of his *698 suretyship. Such affidavit of suretyship is not necessary on the part of an indorser, because the law requires his relation and the order of his liability to be placed upon the record. But where the fact does not thus appear upon the record, as is the case in this instance, and in all suits against joint makers of promissory notes, the defendant is required to make affidavit that he is but surety, and until he does so, no affidavit is requisite from the plaintiff.
This was the construction properly placed upon the law by the court below.
As to the excess in the levy, that will be best shown by the sale. There is no such glaring excess as indicates a disposition to abuse the process, which can alone justify the interference of the court.
It is unnecessary to advert to the other points made in argument, farther than to remark, that after three injunctions and three appeals, in the same case, it could not be expected that the court would be very solicitous to seize on technical points, passed over unnoticed in all the former proceedings, in order to add farther delay already extended to ten years, since the rendition of the original judgment.
The judgment is affirmed.